1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10   CLIFFORD JOHNSON,
11            Plaintiff,                     No. CIV S-10-0296 KJM P
12       vs.
13   KATHLEEN L. DICKINSON, et al.,
14            Defendants.               ORDER
15   _____/
16           Plaintiff is a state prisoner proceeding pro se; he has consented to magistrate
17   judge jurisdiction. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to
18   proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this
19   court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).
20           Plaintiff has submitted a declaration that makes the showing required by 28
21   U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.
22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
23   U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently
24   without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.
25   § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the
26   preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges he overheard one of the defendants say she was raised as a racist and when plaintiff remonstrated, the defendant told him to "shut the f*** up. . . ."  He alleges that this caused him mental anguish.  However, a guard's verbal harassment or insults do not state a claim:  to find that harassment, without physical injury, states a claim would trivialize the Constitution.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Spicer v. Collins, 9 F. Supp. 2d 673, 683 (E.D. Tex. 1998) (citing cases).  Plaintiff may not proceed on this claim under the Civil Rights Act.

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

/////

/////

1    4.  The Clerk of the Court is directed to close this case.

2    5.  Plaintiff's request for the appointment of counsel (docket no. 3) is denied.

3  DATED: April 5, 2010.

_____
U.S. MAGISTRATE JUDGE

2
john0296.14